NOT DESIGNATED FOR PUBLICATION

No. 117,676

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FRANCISCO STEPHEN RODRIGUEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed November 17, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM: Francisco Stephen Rodriguez appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Rodriguez' motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and requests that the district court's judgment be affirmed.

On December 21, 2016, Rodriguez pled guilty to one count of failing to register pursuant to the Kansas Offender Registration Act. On January 31, 2017, the district court sentenced Rodriguez to 32 months' imprisonment but granted his motion for a dispositional departure to probation for 24 months. The district court ordered Rodriguez to serve 30 days in jail as a condition of his probation.

1

Rodriguez' probation never got off the ground. On February 6, 2017, the State filed a warrant alleging that Rodriguez was in violation of his probation because he walked away from work release and, as a result, he did not complete the required 30 days in jail and committed a new offense of escape from custody. At a hearing on February 22, 2017, Rodriguez admitted to the allegations, including the commission of a new offense. The district court revoked Rodriguez' probation and ordered him to serve his underlying prison sentence. Rodriguez timely filed a notice of appeal.

On appeal, Rodriguez claims the district court "abused its discretion in ordering [him] to serve the underlying sentence instead of reinstating probation." Rodriguez acknowledges that once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court. The State argues that Rodriguez has failed to present any compelling facts to support a finding that the district court abused its discretion in revoking his probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2016 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2016 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

K.S.A. 2016 Supp. 22-3716 generally provides that once a defendant has violated the conditions of probation, the district court must apply graduated intermediate sanctions

before the court can revoke probation and order the defendant to serve the sentence imposed. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). However, pursuant to K.S.A. 2016 Supp. 22-3716(c)(8), the court may revoke probation without having previously imposed an intermediate sanction if the offender commits a new felony or misdemeanor while on probation.

Rodriguez acknowledges that pursuant to K.S.A. 2016 Supp. 22-3716(c)(8), the district court could revoke his probation without imposing an intermediate sanction because he committed a new offense of escape from custody. However, Rodriguez argues that the only reason he did not return from work release was because of issues with his house, and he turned himself in once he had taken care of his house. But the district court rejected this same argument at the probation revocation hearing and told Rodriguez, "[Y]ou spent the weekend trying to take care of your business, a civil matter, in total disregard of your obligations under your criminal case."

Here, as Rodriguez acknowledges, the district court revoked his probation after finding that he committed a new offense while on probation. The district court's decision to revoke Rodriguez' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Thus, we conclude the district court did not abuse its discretion in revoking Rodriguez' probation and ordering him to serve his underlying prison sentence.

Affirmed.